UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**CECILIA M. FANTROY,**

    **Plaintiff,**

v.

                                                  Case No: 8:12-cv-01940-VMC-EAJ

**PUBLIX SUPER MARKETS, INC.,**

    **Defendant.**

                                        /

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S BILL OF COSTS**

Plaintiff Cecelia Fantroy ("Plaintiff") by and through the undersigned attorneys, hereby objects to the Bill of Costs filed by Defendant Publix Super Markets, Inc. ("Defendant") on December 30, 2013. [Doc. 45]. Defendant seeks to recover the costs to videotape the Plaintiff's deposition ($943.05) and the cost of the mediation ($675.00), which, as demonstrated below, are not taxable. Plaintiff offers the following memorandum of law in opposition to Defendant's Bill of Costs.[1]

**MEMORANDUM OF LAW**

**I.     The Pertinent Rule and Statutes.**

Rule 54(d)(1) of the Federal Rules of Civil Procedure provides that a prevailing party may recover costs as a matter of course unless otherwise directed by the Court or applicable statute. The applicable statutes referred to in the rule include 28 U.S.C. §§ 1920 and 1921, which delineate which costs are recoverable under Rule 54(d). The Court has the discretion to award those costs specifically enumerated in section 1920, and may not tax as costs any items not included in that

---

[1] On January 13, 2014, the Deputy Clerk taxed costs against Cecelia M. Fantroy in the amount of $3,529.00 without allowing Plaintiff the opportunity to respond. Since the Bill of Costs filed by Defendant is a motion or application seeking positive relief from the Court, pursuant to Local Rule 3.01(b), Plaintiff is permitted the opportunity to respond and oppose Defendant's request.

statute. *Crawford Fitting Co. v. J.T. Gibbons, Inc.,* 482 U.S. 437, 441-42 (1987); *Morrison v. Reichhold Chems., Inc.,* 97 F.3d 460 (11th Cir. 1996). The Court can only award costs that are "adequately described and documented." *Scelta v. Delicatessen Support Servs., Inc.,* 203 F.Supp.2d 1328, 1340 (M.D. Fla. 2002).

After the prevailing party files a verified bill of costs with the clerk, the opposing party may object. *Arcadian Fertilizer, L.P. v. MPW Indus. Serv., Inc.,* 249 F.3d 1293, 1296 (11th Cir. 2001); *see also* 10 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2668 (3d ed. 1998).

Section 1920 provides:

"A judge or clerk of any court of the United States may tax as costs the following:

(1)   Fees of the clerk and marshal;
(2)   Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
(3)   Fees and disbursements for printing and witnesses;
(4)   Fees for exemplification and copies of papers necessarily obtained for use in the case;
(5)   Docket fees under section 1923 of this title;
(6)   Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title."

## II.   Video Deposition Costs Are Not Taxable In This Case

Section 1920(2) authorizes the taxation of costs for the "[f]ees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case," which includes the costs of deposition transcripts. *See* 28 U.S.C. § 1920(2); *EEOC,* 213 F.3d at 620; *Maris Distrib. Co. v. Anheuser-Busch, Inc.,* 302 F.3d 1207, 1225 (11th Cir. 2002). Costs for depositions transcripts are taxable only if the deposition was "necessarily obtained" for use in the case. *EEOC,* 213 F.3d at 621. Where deposition costs were merely incurred for convenience, to aid in

thorough preparation, or for purposes of investigation only, the costs are not recoverable. *Id.*

While a district court may permit a prevailing party to recoup costs associated with a videotaped deposition where the deposition was noticed as such, the prevailing party should be required to proffer some justification for videotaping where the video deposition was of the party opponent. *Faucette v. National Hockey League*, 2006 WL 4877553 *2 (M.D. Fla. 2006)(ruling that cost for videography of party opponent was incurred for defense counsel's convenience and not for any reasonably justifiable purpose); *Air Turbine Technology, Inc. v. Atlas Copco AB*, 2008 WL 544731 *3 (S.D. Fla. Feb. 26, 2008)(video recordings are a convenience to the parties and not necessary to prepare for trial or present evidence); *Ferguson v. Bombardier Services Corp.*, 2007 WL 601921 *4 (M.D. Fla. 2007)(where prevailing defendants (1) failed to exercise discretion in submitting their costs for the depositions sought to be taxed which included the costs for video *and* stenographic depositions, (2) failed to submit any argument concerning why they should be entitled to be reimbursed for the costs of *both* types of records, and (3) failed to explain why both types were necessary to prepare for trial, the video costs were denied).

Defendants have submitted an invoice relating to the videotaping of their party opponent Cecelia Fantroy. (Doc. 116; pgs. 15-16). The invoices set forth a cost of $943.05 for the costs of the videographer and video. Defendants, however, have not proffered a single explanation as to why they were reasonably justified in taking and should therefore be reimbursed for the taking of a video deposition of their party opponent. The videotaping was merely for the convenience of the defense counsel and not for any purpose relating to preparation for trial particularly since the Defendants did in fact order and obtain the written stenographic transcript. As such, any cost for the videotaping of Cecelia Fantroy's deposition should be disallowed.

**III.   Mediation Costs Are Not Taxable.**

Mediation costs are not taxable. This Court has stated that §1920 does not provide for the taxation of the costs of mediation:

> Despite the fact that mediation is often court-ordered, as in this case, § 1920 does not contemplate the costs of mediation. Of the circuits that have squarely addressed whether mediation costs may be taxable under § 1920, all have held that they are not. *See Mota v. Univ. of Tex. Houston Health Sci. Ctr.,* 261 F.3d 512, 530 (5th Cir.2001); *BriscoWade v. Carnahan,* 297 F.3d 781, 782-83 (8th Cir.2002); *Sea Coast Foods, Inc. v. Lu-Mar Lobster & Shrimp, Inc.,* 260 F.3d 1054, 1061 (9th Cir.2001).

*U.S. Fire Ins. Co. v. Mikes*, 8:04-CV-2783-T-23TBM, 2008 WL 616102 (M.D. Fla. 2008).   Thus, the $675.00 Defendant has requested for mediation in its Bill of Costs should be denied.

### IV.   Conclusion

The cost of the videotape deposition ($943.05) and the cost of the mediation ($675.00) are not taxable.   Removing these two items brings the total taxable costs to $1,910.95.

**WHEREFORE,** Plaintiff requests that this Court deny entry of Defendant's Bill of Costs requesting $3,529.00 and order the Defendants to re-submit an Amended Bill of Costs in the total amount of $1,910.95.

Respectfully submitted,

/s/ Ryan D. Barack
**Ryan D. Barack**
Florida Bar No. 0148430
Primary: rbarack@ksblaw.com
Secondary: jackie@ksblaw.com
**Michelle Erin Nadeau**
Florida Bar No. 0060396
Primary: mnadeau@ksblaw.com
Secondary: jackie@ksblaw.com
**Kwall, Showers & Barack, P.A.**
133 North Fort Harrison Avenue
Clearwater, Florida 33755
(727) 441-4947
(727) 447-3158 Fax
Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the foregoing has been furnished via email on January 13, 2014 to:

Edmund J. McKenna
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
100 N. Tampa Street, Suite 3600
Tampa, FL   33602
Email Address: edmund.mckenna@ogletreedeakins.com; lennon.graves@ogletreedeakins.com
Attorney For: Publix Super Markets, Inc.

/s/ Ryan D. Barack
**Attorney**