UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CECILIA M. FANTROY,

    Plaintiff,

v.                      Case No. 8:12-cv-1940-T-33EAJ

PUBLIX SUPER MARKETS, INC.,

    Defendant.
_____/

**ORDER**

This cause comes before the Court pursuant to Defendant Publix Super Markets, Inc.'s Proposed Bill of Costs (Doc. # 45) filed on December 30, 2013. Plaintiff Cecilia M. Fantroy filed a memorandum in opposition to the Proposed Bill of Costs on January 13, 2014. (Doc. # 48). Thereafter, Publix filed a response to Fantroy's memorandum on January 21, 2014. (Doc. # 50). For the reasons that follow, the Court grants Publix's Proposed Bill of Costs to the extent that $2,854.00 should be taxed.

**I.**    **Background**

Fantroy filed a complaint in this Court on August 27, 2012. (Doc. # 1). The complaint set forth two counts: (1) Interference with Family Medical Leave Act ("FMLA") Protected Leave and (2) FMLA Retaliation. (Id.). As a result of Publix's

oversight regarding Fantroy's entitlement to FMLA leave, Publix and Fantroy voluntarily entered into a settlement agreement on September 13, 2012. (Doc. # 30-3; Fantroy Dep. Doc. # 37 at 123-125). Although the parties executed a settlement agreement on September 13, 2012, neither party notified the Court of the settlement. As a result of the parties' omission, this case remained open.

On January 10, 2013, Fantroy filed an amended complaint in this action, which had remained open despite the parties' settlement, alleging (1) Interference with FMLA Protected Leave and (2) FMLA Retaliation. (Doc. # 5). On October 17, 2013, Publix filed its motion for summary judgment (Doc. # 30), which this Court granted on December 19, 2013 (Doc. # 43). As a result, the Court directed the Clerk to enter judgment in favor of Publix and to close the case. (Id.).

On December 30, 2013, Publix filed the present Proposed Bill of Costs requesting the Clerk to tax $3,529.00 in costs. (Doc. # 45). On January 13, 2014, this Court entered a Bill of Costs, taxing Fantroy $3,529.00. (Doc. # 47). That same day, however, Fantroy filed a memorandum in opposition to the Proposed Bill of Costs, and correctly pointed out that this Court had entered the Bill of Costs prematurely. (Doc # 48). As such, the Court entered an Order vacating the Bill of Costs

and giving Publix an opportunity to file a response to Fantroy's memorandum in opposition. (Doc. # 49). Publix filed a response to Fantroy's memorandum on January 21, 2014. (Doc. # 50). The Court has reviewed the Proposed Bill of Costs, Fantroy's memorandum in opposition thereto, and Publix's response and is otherwise fully advised in the premises.

## II. Standard for Awarding Costs

"Federal Rule of Civil Procedure 54(d)(1) prescribes an award of costs for a prevailing party unless a federal statute, the Federal Rules of Civil Procedure, or a court order provides otherwise." Tempay Inc. v. Biltres Staffing of Tampa Bay, LLC, No. 8:11-cv-2732-T-27AEP, 2013 WL 6145533, at *2 (M.D. Fla. Nov. 21, 2013); see Durden v. Citicorp Trust Bank, FSB, No. 3:07-cv-974-J-34JRK, 2010 WL 2105921, at *1 (M.D. Fla. Apr. 26, 2010)(stating that Fed. R. Civ. P. 54 establishes a strong presumption that costs should be awarded unless the district court decides otherwise)(citing Chapman v. Al Transp., 229 F.3d 1012, 1038 (11th Cir. 2000)). However, "the district court's discretion not to award the full amount of costs incurred by the prevailing party is not unfettered;" the district court must articulate a sound reason for not awarding full costs. Chapman, 229 F.3d at 1039 (internal citations omitted).

Specifically, pursuant to 28 U.S.C. § 1920, the following may be taxed as costs:

    (1)   Fees of the clerk and marshal;

    (2)   Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

    (3)   Fees and disbursements for printing and witnesses;

    (4)   Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

    (5)   Docket fees under [28 U.S.C. § 1923]; [and]

    (6)   Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under [28 U.S.C. § 1828].

28 U.S.C. § 1920; see Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 440-41 (1987), superseded on other grounds by 42 U.S.C. § 1988(c)(finding that 28 U.S.C. § 1920 defines the term "costs" as used in Rule 54(d) and enumerates the expenses that a federal court may tax as a cost under the discretionary authority granted in Rule 54(d)). The party seeking an award of costs or expenses bears the burden of submitting a request that enables a court to determine what

costs or expenses were incurred by the party and the party's entitlement to an award of those costs or expenses. Loranger v. Stierheim, 10 F.3d 776, 784 (11th Cir. 1994).

Upon granting Publix's motion for summary judgment, judgment was entered in favor of Publix on all counts. (Doc. # 43). Thus, Publix is the prevailing party in this action and is entitled to costs under Fed. R. Civ. P. 54(d). See Powell v. Carey Int'l, Inc., 548 F. Supp. 2d 1351, 1356 (S.D. Fla. 2008)(stating that a prevailing party is one who "prevailed on 'any significant issue in the litigation which achieved some of the benefit the parties sought in bringing the suit.'").

**III. Discussion**

In the Proposed Bill of Costs, Publix requests that the Clerk tax the following as costs:

> Attendance Fee of Court Reporter and Transcript of Deposition – Deposition of Cecilia M. Fantroy ($1,019.45);
>
> Attendance Fee of Videographer and Copies of Media – Deposition of Cecilia M. Fantroy ($943.05);
>
> Copy of Deposition Transcript for William Noah ($172.50);
>
> Copy of Deposition Transcripts for Rina Harrell, Lisa Pate, Rebekah Orr ($719.00); and
>
> Mediation – Mediator Mark Hanley ($675.00).

5

(Doc. # 45-1).

In its memorandum in opposition, Fantroy contests Publix's request regarding the videotaped deposition of Fantroy ($943.05) and the mediation ($675.00). (Doc. # 48 at 1). However, Fantroy does not contest the other requests made by Publix. As such, the Court will individually address whether the videotaped deposition and the mediation are taxable costs under 28 U.S.C. § 1920.

**A. Videotaped Deposition**

Deposition costs are authorized by 28 U.S.C. § 1920(2). See United States v. Kolesar, 313 F.2d 835, 837-38 (5th Cir. 1963)("Though [28 U.S.C. section] 1920(2) does not specifically mention a deposition,. . . depositions are included by implication in the phrase 'stenographic transcript.'"). The cost to videotape a deposition may be taxed under § 1920 when the deposition was noticed to be recorded by non-stenographic means and the prevailing party explains why it was necessary to obtain a videotaped recording of the deposition in question. Morrison v. Reichhold Chems., Inc., 97 F.3d 460, 465 (11th Cir. 1996)("[W]hen a party notices a deposition to be recorded by non[-]stenographic means . . . and no objection is raised at that time by the other party to the method of recordation pursuant to Federal

6

Rule of Civil Procedure 26(c), it is appropriate under § 1920 to award the cost of conducting the deposition in the manner noticed."); Ferguson v. Bombardier Servs. Corp., No. 8:03-cv-539-T-30, 2007 WL 601921, at *3 (M.D. Fla. Feb. 21, 2007)(stating that for such costs to be taxable, the prevailing party must explain why it was necessary to obtain a copy of the videotaped deposition for use in the case).

However, "where the deposition costs were merely incurred for convenience, to aid in thorough preparation, or for purposes of investigation only, the costs are not recoverable." Goodwall Const. Co. v. Beers Const. Co., 824 F. Supp. 1044, 1066 (N.D. Ga. 1992), aff'd, 991 F.2d 751 (Fed. Cir. 1993). Therefore, the question of whether the costs for a deposition are taxable depends on the factual question of whether the deposition was wholly or partially "'necessarily obtained for use in the case.'" Newman v. A.E. Staley Mfg. Co., 648 F.2d 330, 337 (5th Cir. Unit B 1981)(quoting § 1920(2)).

Here, Publix represents that on June 5, 2013, it provided notice to Fantroy that it would be taking a videotaped deposition of Fantroy on August 14, 2013. (Doc. # 50 at 1). Fantroy fails to dispute this assertion and does not claim that Fantroy objected to the taking of the deposition in this

7

manner at the time. Nonetheless, Fantroy contends that Publix is not entitled to recover the cost of the videotaped deposition because it has "not proffered a single explanation as to why [it was] reasonably justified in taking and should therefore be reimbursed for the taking of a video deposition of [Fantroy]." (Doc. # 48 at 3). Furthermore Fantroy submits that, "the videotaping was merely for the convenience of the defense counsel and not for any purpose relating to preparation for trial particularly since [Publix] did in fact order and obtain the written stenographic transcript." (Id.).

While Publix failed to argue in its Proposed Bill of Costs why the videotaped deposition was necessary, it has done so in its response to Fantroy's memorandum in opposition. See (Doc. # 50 at 1-3). Publix contends that:

> "[T]aking [Fantroy's] deposition was essential in this case as she was the main witness to the case. Also, when the credibility of the [p]laintiff is a critical issue in a case, videotaping a deposition is useful for the purposes of examining and impeaching the testimony during trial. In this case, [Fantroy] disputed that she violated Publix'[s] No-Call/No-Show policy, which led to her termination from Publix. In fact, [Fantroy] offered various reasons to justify her unexcused absences. Therefore, [Fantroy's] credibility played a vital role in this case.

8

(Id. at 2)(citing Cardinale v. S. Homes of Polk Cnty., Inc., No. 8:06-cv-1295-T-27MSS, 2008 WL 2199273, at *1 (M.D. Fla. May 27, 2008)(allowing the defendants to recover the cost of videotaping the plaintiff's deposition because plaintiff did not object to the videotaping of her deposition and the deposition "was necessarily obtained for the use in the case because [the plaintiff] was the primary witness in support of her case and in order to examine her emotional reaction to various issue in preparation for trial.").

Upon review, and taking into consideration the nature of the underlying issues presented in this case, the Court concludes that Publix has met its burden of showing the videotaped deposition of Fantroy was reasonably necessary. As a result, Publix should be awarded the cost for such. See Awwad v. Largo Med. Ctr., Inc., No. 8:11-cv-1638-T-24, 2013 WL 6198856, at *3 (M.D. Fla. Nov. 27, 2013)(finding that the video depositions were recoverable).

### B. Mediation

Publix also requests the Clerk to tax $625.00 in mediation costs. In order "[t]o minimize costly pretrial procedures in a case that may be equitably settled, and to secure the just, speedy, and inexpensive determination of this action," the Court directed the parties to participate

"in good faith mediation" by September 24, 2013. (Doc. # 14). Therefore, it is Publix's position that as the mediation in this action was not done voluntarily, but instead, it was "Court-ordered," Publix is entitled to recover the $675.00 in costs it incurred in the mediation. (Doc. # 50 at 4).

It is well settled within the Middle District that costs associated with mediation, even court-ordered mediation, are not recoverable under § 1920. Tempay Inc., 2013 WL 6145533, at *6; see Lane v. G.A.F. Material Corp., No. 8:11-cv-2851-T-30TBM, 2013 WL 1881298, at *2 (M.D. Fla. May 3, 2013)(finding that "the law is clear that costs associated with mediation are not recoverable under § 1920," and therefore, declining to award costs associated with mediation). Therefore, this Court finds that Publix is not entitled to the costs associated with the mediation in this action.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

(1) Defendant Publix Super Markets, Inc.'s Proposed Bill of Costs (Doc. # 45) is **GRANTED** to the extent that the Court concludes $2,854.00 should be taxed.

(2) Defendant Publix Super Markets, Inc. is directed to file an amended bill of costs, consistent with this Order, by

February 7, 2014, which will be immediately taxed by the Clerk.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 3rd day of February, 2014.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel of Record